Slip Op. 18-103

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **CONSOLIDATED FIBERS, INC.,** | |
| Plaintiff, | |
| v. | **Before: Timothy C. Stanceu, Chief Judge** |
| **UNITED STATES,** | **Court No. 14-00222** |
| Defendant. | |

## OPINION AND ORDER

[Denying defendant's motion for an amendment of the court's previous opinion]

Dated: August 16, 2018

*Jason M. Kenner*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for defendant United States.  With him on the motion were *Chad A. Readler*, Acting Assistant Attorney General, and *Amy M. Rubin*, Assistant Director.

Stanceu, Chief Judge: Defendant United States (the "Government") moves pursuant to USCIT Rule 59(e) for amendment of the court's opinion in *Consolidated Fibers, Inc. v. United States*, 41 CIT __, 2017 WL 5665031 (Ct. Int'l Trade Nov. 27, 2017) to remove certain language it characterizes as an erroneous statement of the standard for awards under the Equal Access to Justice Act ("EAJA").  Def.'s Mot. to Amend Decision 1-2 (Dec. 27, 2017), ECF No. 38 ("Mot. to Amend").  The court denies the motion.

## I. BACKGROUND

In *Consolidated Fibers, Inc. v. United States*, 41 CIT __, 2017 WL 5665031 (Ct. Int'l Trade Nov. 27, 2017), the court denied the application of plaintiff Consolidated Fibers, Inc. ("Consolidated Fibers"), filed June 15, 2016, for an award of attorneys' fees under the EAJA in

the amount of $30,980.18.  *See* Pl.'s App. For Attys' Fees and Other Expenses 3 (June 15, 2016),

ECF No. 33 ("Pl.'s EAJA App.").  The court rejected plaintiff's argument that an administrative

decision taken by U.S. Customs and Border Protection ("Customs") to deny the protest of

Consolidated Fibers contesting the reliquidation, at a higher rate of duty, of an entry of

merchandise made by Consolidated Fibers had not been substantially justified and thereby

entitled plaintiff to an EAJA award.  The court's opinion in *Consolidated Fibers* provides

detailed background information, which is summarized herein.

Consolidated Fibers made an entry of polyester staple fiber ("PSF") from Korea on

December 7, 2005, depositing estimated antidumping duties at the rate of 7.91% *ad val.*  At the

time of entry, PSF from Korea was subject to an antidumping duty order.  The exporter of the

merchandise was a reviewed exporter/producer in a periodic administrative review of the

antidumping duty order and, as a result of the review, liquidation of the entry was

administratively suspended pursuant to 19 U.S.C. § 1675.[1]

On January 14, 2008, following the publication of the final results of the administrative

review, the U.S. Department of Commerce issued liquidation instructions directing Customs to

assess antidumping duties at the rate of 48.14% *ad val.* on shipments of PSF from Korea

produced or exported by Dongwoo Industry Co., the exporter of the merchandise on the entry at

issue in this litigation.  Over three years later, on May 6, 2011, Customs posted a bulletin notice

of liquidation pursuant to 19 C.F.R. § 159.9(c)(2)(ii)[2] announcing that the entry had been deemed

liquidated on June 10, 2008 at the entered antidumping duty rate of 7.91% *ad val.  See* 19 U.S.C.

§ 1504(d).  Customs then took action to reliquidate the entry on July 22, 2011, assessing

[1] Citations to the U.S. Code are to the 2006 edition.

[2] Citations to the Code of Federal Regulations are to the 2011 edition.

antidumping duties at the 48.14% *ad val.* rate.  On November 14, 2011, Consolidated Fibers

protested the decision to reliquidate the entry, and Customs denied the protest on May 21, 2014.

Plaintiff contested the denial of the protest in this Court, commencing an action on September

19, 2014.

After defendant moved, on December 21, 2015, for entry of confession of judgment, the

court entered a judgment ordering Customs to reliquidate the entry at the entered antidumping

duty rate of 7.91% *ad val.* and pay with interest "the duty refunds payable by reason of this

judgment."  Judgment (May 16, 2016), ECF No. 31.  Plaintiff filed its EAJA application on

June 15, 2016, pursuant to 28 U.S.C. § 2412 and USCIT Rule 54.1, claiming entitlement to an

award of attorneys' fees and other expenses it incurred in the course of the protest and litigation

and arguing that the position taken by the Government was not "substantially justified."  Pl.'s

EAJA App. 3-4.  Because the Government did not take any position in litigation before the court,

the court limited its consideration of the EAJA application to whether the Government's position

at the administrative level was substantially justified.  Specifically, the court considered the

position taken by Customs in denying Consolidated Fibers's protest.

In its protest, Consolidated Fibers claimed that Customs lacked authority to reliquidate

the entry because the entry had been deemed liquidated six months after the publication of the

final results of the relevant administrative review, pursuant to 19 U.S.C. § 1504(d).  The protest

did not, however, account for an amendment to section 501 of the Tariff Act of 1930 ("Tariff

Act"), 19 U.S.C. § 1501, which expressly provided that Customs may reliquidate entries deemed

liquidated under section 504 of the Tariff Act, 19 U.S.C. § 1504, within 90 days from the date on

which notice of the original liquidation is given or transmitted to the importer.  Because Customs

reliquidated the entry on July 22, 2011—within 90 days of posting notice of the deemed

liquidation on May 6, 2011—the grounds stated in the protest were not consistent with the relief

requested, i.e., reliquidation at the original 7.91% *ad val.* rate.[3]  *See* 19 U.S.C. § 1501; 19 C.F.R.

§ 159.9(c)(2)(ii).  Reasoning that the Customs "ruling correctly responded to the sole protest

ground Consolidated Fibers presented," the court stated that it was "unable to conclude that

Customs took a position that was not 'substantially justified'" and declined to award attorneys'

fees and other expenses to plaintiff under the EAJA.  *Consolidated Fibers*, 41 CIT at __, 2017

WL 5665031 at *5-6.

 While not disagreeing in general with the court's disposition of the EAJA application,

defendant requests that the court amend its opinion in *Consolidated Fibers* to delete a sentence

discussing the Government's burden of demonstrating that its position was "substantially

justified" for purposes of the EAJA.  Mot. to Amend 1-2.

## II. DISCUSSION

 A decision to alter or amend a prior decision is not lightly taken.  As opinions of this

Court have noted with respect to judgments, "[t]he major grounds justifying a grant of a motion

to reconsider a judgment are an intervening change in the controlling law, the availability of new

evidence, the need to correct a clear factual or legal error, or the need to prevent manifest

injustice."  *Puerto Rico Towing & Barge Co. v. United States*, 38 CIT __, __, 2014 WL 5394314

at *1 (Ct. Int'l Trade Oct. 24, 2014) (quoting *Ford Motor Co. v. United States*, 30 CIT 1587,

---

 [3] The court also noted that "Consolidated Fibers could have raised a protest ground that
was at least plausible by arguing that the bulletin notice was not issued within a 'reasonable
period' as required by 19 C.F.R. § 159.9(c)(2)(ii) and therefore did not constitute effective
'notice of the original liquidation' for purposes of 19 U.S.C. § 1501."  *Consolidated Fibers*,
41 CIT at __, 2017 WL 5665031 at *4.  Consolidated Fibers did not raise this objection in its
protest.  In its complaint, plaintiff included a claim challenging the timeliness of the bulletin
notice provided by Customs, but the Government never took a contrary position on the issue.
*Id.*, 41 CIT at __, 2017 WL 5665031 at *4 n.5.

1588, 2006 WL 2789856 at *1 (2006)) (internal quotation marks omitted).  "A court should not

disturb its prior decision unless it is manifestly erroneous."  *Papierfabrik August Koehler SE v.*

*United States*, 39 CIT __, __, 44 F. Supp. 3d 1356, 1357 (2015) (internal citations omitted).

Rather, "[a] motion to amend a judgment should be granted if the 'movant demonstrate[s] that

the judgment is based on manifest errors of law or fact.'"  *Id.* (quoting *Union Camp Corp. v.*

*United States*, 23 CIT 264, 270, 53 F. Supp. 2d 1310, 1317 (1999)).

The specific language of *Consolidated Fibers* at issue is the following, for which the

Government requests deletion:

> To meet its burden, the government must "show that it was *clearly* reasonable in
> asserting its position, including its position at the agency level, in view of the law
> and the facts."  *Gavette v. Office of Pers. Mgmt.*, 808 F.2d 1456, 1467 (Fed. Cir.
> 1986) (emphasis in original) (footnote omitted).

Mot. to Amend 1 (quoting *Consolidated Fibers*, 41 CIT at __, 2017 WL 5665031 at *2).  Such a

deletion, the motion argues, is necessary because "the citation to *Gavette* may suggest that the

Government's burden is higher than it actually is."  Mot. to Amend 2.  According to the motion,

"[t]hat the proper standard for analyzing substantial justification for EAJA purposes is the

reasonable basis in law and fact standard from *Pierce* and not the 'clearly reasonable' standard

from *Gavette* was recently confirmed by the U.S. Court of Appeals for the Federal Circuit."  *Id.*

at 1-2 (citing *Int'l Custom Products, Inc. v. United States*, 843 F.3d 1355, 1359 (Fed. Cir. 2016)).

The Government argues, further, that "[w]hile the citation to *Gavette* may be viewed as harmless

error given the Court's ultimate conclusion that the Government had satisfied its burden, the

inclusion of citations to both *Pierce* and *Gavette* makes it difficult to discern whether the

standard applied was the proper *Pierce* standard or the higher *Gavette* standard."  *Id.* at 2.

Defendant relies on the opinion of the Court of Appeals for the Federal Circuit ("Court of

Appeals") in *Int'l Custom Products*, 843 F.3d at 1359, which affirmed a decision of this Court

granting an EAJA award.  In doing so, the Court of Appeals commented that this Court "erred by

reciting in the standard of review section of its opinion the 'slightly more' and 'clearly'

standards, which the Supreme Court rejected in *Pierce*."  *Id*.  Although this is not the holding of

the case (which affirmed this Court's ordering the EAJA award, rejecting the government's

argument that the citation to a "clearly" standard "infected" the analysis, *see id.*, 843 F.3d at

1360), the court appreciates the Government's point that the language it seeks to have deleted

from the court's opinion possibly could be interpreted as contemplating a standard more

demanding than that of *Pierce*.  Nevertheless, the court concludes that it should not amend its

opinion in *Consolidated Fibers*, for three reasons.

      First, the *Consolidated Fibers* opinion when read as a whole cannot correctly be

interpreted to mean that the court, in rejecting the motion for an EAJA award, failed to apply the

correct legal standard as elucidated in *Pierce*.  As defendant notes, the opinion in *Consolidated

Fibers* set out the *Pierce* standard (immediately preceding the discussion of the *Gavette* language

excerpted above), as follows:

> The term "substantially justified" means "justified in substance or in the main—
> that is, justified to a degree that could satisfy a reasonable person.  That is no
> different from [a] reasonable basis in both law and fact."  *Pierce v. Underwood*,
> 487 U.S. 552, 565 (1988) (internal quotation marks and citations omitted).

*Consolidated Fibers*, 2017 WL 5665031 at *2.

      Second, the language in *Int'l Custom Products* on which defendant relies being *dicta*, and

the decision not having been issued *en banc*, the Court of Appeals in that case cannot be said to

have overturned *Gavette*.  At most, *Int'l Custom Products* might be interpreted as calling

*Gavette's* formulation into question rather than overturning it.  Therefore, the court's mere citing,

and quoting language from, *Gavette*, without more, falls short of qualifying as a legal error

justifying the unusual step of amending an opinion.

Finally, a reading of *Consolidated Fibers* as a whole does not support the Government's argument that it is "difficult to discern whether the standard applied was the proper *Pierce* standard or the higher *Gavette* standard."  Nowhere does the opinion in *Consolidated Fibers* state or imply that the court was applying a standard more stringent than the reasonableness standard explicated in *Pierce*, and the discussion of *Pierce* therein is inconsistent with such a notion.  In contrast, the Court of International Trade's opinion in *Int'l Custom Products* not only cited *Gavette* but also stated that "the standard for substantial justification is 'slightly more stringent' than a simple reasonableness standard."  *Int'l Custom Products*, 39 CIT at __, 77 F. Supp. 3d at 1325 (citing *Spencer v. NLRB*, 712 F.2d 539, 558 (D.C. Cir. 1983)).  This indication that the government was required to make a showing greater than "simple reasonableness," rather than the citation to *Gavette* standing alone, supported the reasoning of the Court of Appeals in identifying an error in the opinion of this Court in *Int'l Custom Products*.

### III. CONCLUSION

Upon consideration of the Government's Motion to Amend Decision (Dec. 27, 2017), ECF No. 38 and all papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that the Government's Motion to Amend Decision (Dec. 27, 2017), ECF No. 38 be, and hereby is, denied.

    /s/ Timothy C. Stanceu
    Timothy C. Stanceu, Chief Judge

Dated: August 16, 2018
      New York, New York